Charles J. Sullivan, Esq. Village Attorney, Wayland
You request an opinion whether a conflict of interest or incompatibility of office would result if the spouse of the village clerk-treasurer becomes a trustee of the same village.
Incompatibility of office relates to the holding of two positions by the same individual. The question of compatibility is not raised when two positions are held by two different people.
Conflicts of interest are treated in General Municipal Law §§ 800
through 809 (Article 18); § 801 subd 1 prohibits a municipal officer or employee from having an "interest" in any contract with the municipality of which he is an officer or employee when he has the power or duty, individually or as a member of a board to "(a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder, (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above". Having such an "interest" constitutes a conflict of interest.
The word "interest" in relation to a contract or activity is defined in General Municipal Law § 800, subd 3, in part, as follows:
 "3. `Interest' means a direct or indirect pecuniary or material benefit accruing to a municipal officer or employee as the result of a contract with the municipality which such officer or employee serves. For the purposes of this article a municipal officer or employee shall be deemed to have an interest in the contract of (a) his spouse, minor children and dependents, except a contract of employment with the municipality which such officer or employee serves,
* * *" (emphasis added).
The statute contains authorization for a municipal officer's spouse, minor child and dependent to be employed by the municipality. This constitutes a specific authorization, in the enumerated cases, for such appointments and employments. As examples of the interpretation of the provision we enclose copies of the following informal opinions of this office:
 (a) 1972 Op Atty Gen 260 stating that a city alderman may be the spouse of a city attorney;
 (b) 1974 Op Atty Gen 128 holding that the spouse of one member of a three member civil service commission may be appointed secretary to the commission even if one of the votes necessary for the appointment was cast by the spouse;
 (c) 1974 Op Atty Gen 303 approving the appointment by a town board of the spouse of one town board member as clerk to one of the town justices; and
 (d) 1976 Op Atty Gen 225 in which we concluded that it was perfectly proper for a village trustee to participate in the vote on pay raises and promotions of police department personnel when the trustee's spouse was an officer in the police department.
In our opinion, the spouse of a village clerk-treasurer may be a village trustee of the same village without resulting in a conflict of interest.